CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
DEC 02 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD WAYNE STANLEY, ) <br> Plaintiff, ) | Civil Action No. 7:05-cv-00388 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ROANOKE CITY JAIL, et al., ) | By: Jackson L. Kiser |
| Defendants. ) | Senior U.S. District Judge |

The plaintiff, Richard Wayne Stanley, a Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care for his twisted back and congested ear. Plaintiff seeks injunctive relief and monetary damages.

This matter is before the court on defendants' motion for summary judgment. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motion may result in summary judgment being granted for the defendants. As plaintiff has failed to file any response to the defendants' motion and as the time for filing such a response has elapsed, this matter is ripe for disposition.

After a thorough review of the record, I am convinced that plaintiff has failed to exhaust all available administrative remedies regarding the claims raised in his complaint and that the defendants are entitled to judgment as a matter of law.

I.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v.

Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the opposing party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

Defendants argue that plaintiff has failed to exhaust all available administrative remedies as to his claims that he has been denied adequate medical treatment for his twisted back and congested ear. Although in his complaint Stanley averred that he attempted to exhaust his administrative remedies, Stanley did not produced any evidence of having attempted to grieve any of the issues he now raises nor has he provided any response to defendants affidavits indicating that there is no record of plaintiff having filed or appealed any grievances related to the treatment of either his back or ear.

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As

2

amended, that section requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a precondition to the <u>filing</u> of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure <u>after</u> commencing the lawsuit. <u>See</u> <u>Dixon v. Page</u>, 291 F.3d 485 (7th Cir. 2002), <u>citing</u> <u>Perez v. Wisconsin Dep't of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999). The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," <u>Nussle v. Porter</u>, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819 (2001).

Although Stanley stated in his complaint that he exhausted all available administrative remedies regarding lack of treatment for his back injury and congested ear, he has not provided any evidence of having actually done so nor has he responded to the defendants' assertion that there is no record of him having filed any grievances complaining of failure to treat his back or his ear. Further, Stanley does not contest that the only grievance he filed related to either condition concerned the denial of ibuprofen for back pain nor that he was denied ibuprofen due to a possible drug interaction, but was prescribed an alternative pain medication. Finally, Stanley does not contest

3

defendants' assertion that he did not further pursue his complaint after being informed that he had been denied ibuprofen due to the possibility of a drug interaction.

As Stanley does not challenge defendants assertion that he failed to file grievances related to a lack of medical care for either condition nor, even assuming he attempted to file at least one grievance related to his back condition, that he failed to file an appeal to the highest level available to him within the prison grievance procedure for his claims related to the denial of adequate medical care, I find that Stanley has failed to demonstrate that he has complied with pre-filing requirements.

### III

Based on the foregoing, I find that Stanley has failed to exhaust his administrative remedies as to all claims raised in the complaint. Accordingly, I find that defendants are entitled to judgment as a matter of law and will grant their motion for summary judgment.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 2nd of December, 2005.

*[signature]*
Senior United States District Judge